UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br>                 Plaintiff<br><br>v.<br><br>NELSON GOMES, MICHAEL LUCKHOO-BOUCHE, SHANE SCMIDT, DOUGLAS ROE, KELLY WARAWA, FFS CAPITAL LIMITED, PAIFANG TRADING LIMITED, ARTEFACTOR LIMITED, ATLANTEAN MANAGEMENT CORPORATION, MEADOW ASIA LIMITED, And THYME INTERNATIONAL LIMITED,<br><br>                 Defendants. | Civil Action No. 20-CV-11092-FDS |

### ANSWER OF DEFENDANT SHANE SCHMIDT TO COMPLAINT
### OF THE SECURITIES AND EXCHANGE COMMISSION

Defendant Shane Schmidt hereby responds to the Complaint of the Securities and Exchange Commission as follows:

1. Defendant Schmidt lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint and therefore denies them.

2. Defendant Schmidt lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint and therefore denies them.

3. Defendant Schmidt lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Complaint and therefore denies them.

4. Defendant Schmidt lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint and therefore denies them.

5. Defendant Schmidt lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint and therefore denies them.

6. Paragraph 6 of the Complaint contains legal conclusions, to which no response is required.

7. Paragraph 7 of the Complaint contains legal conclusions, to which no response is required.

8. Paragraph 8 of the Complaint contains legal conclusions, to which no response is required.

9. Paragraph 9 of the Complaint sets forth the SEC's requested relief, which requires no response.

10. Paragraph 10 of the Complaint sets forth the SEC's requested relief, which requires no response.

11. Paragraph 11 of the Complaint contains legal conclusions, to which no response is required.

12. The first sentence of Paragraph 12 of the Complaint contains legal conclusions, to which no response is required. Defendant Schmidt lacks knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 12 of the Complaint.

13. Defendant Schmidt lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint and therefore denies them.

14. Defendant Schmidt lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint and therefore denies them.

15. Defendant Schmidt admits the allegations contained in Paragraph 15 of the Complaint.

16. Defendant Schmidt lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint and therefore denies them.

17. Defendant Schmidt lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint and therefore denies them.

18. Defendant Schmidt lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint and therefore denies them.

19. Defendant Schmidt lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint and therefore denies them.

20. Defendant Schmidt lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint and therefore denies them.

21. Defendant Schmidt lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint and therefore denies them.

22. Defendant Schmidt lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint and therefore denies them.

23. Defendant Schmidt lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Complaint and therefore denies them.

24. Paragraph 24 of the Complaint contains legal conclusions, to which no response is required.

25. Paragraph 25 purports to provide a definition for "Restricted Stock", to which no response is required. Paragraph 25 also purports to set forth legal conclusions, to which no response is required. Defendant Schmidt admits that a registration statement contains the information about an issuer's business operations, financial condition, results of operation, risk

factors and management and that it includes disclosure of any person or group who is the beneficial owner of more than 5% of the company's securities.

26. Paragraph 26 purports to set forth a definition of "Affiliate," to which no response is required.

27. Paragraph 27 purports to set forth a definition of "Unrestricted Stock," to which no response is required. Paragraph 27 also purports to set forth legal conclusions, to which no response is required.

28. Paragraph 28 of the Complaint purports to set forth a definition of "Transfer Agent", to which no response is required.

29. Defendant admits the allegations contained in Paragraph 29 of the Complaint.

30. Paragraph 30 of the Complaint purports to set forth a definition of "Penny Stock," to which no response is required.

31. Defendant Schmidt lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the Complaint and therefore denies them.

32. Defendant Schmidt lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the Complaint and therefore denies them.

33. Defendant Schmidt lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of the Complaint and therefore denies them.

34. Defendant Schmidt lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of the Complaint and therefore denies them.

35. Defendant Schmidt lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 of the Complaint and therefore denies them. Paragraph 35 of the Complaint also includes legal conclusions, to which no response is required.

36. Defendant Schmidt lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of the Complaint and therefore denies them.

37. Defendant Schmidt admits the allegations contained in Paragraph 37 of the Complaint.

38. Defendant Schmidt admits the allegations contained in Paragraph 38 of the Complaint.

39. Defendant Schmidt admits the allegations contained in Paragraph 39 of the Complaint, but states that he was not the source of the funds used to pay Sandy Steele's OTC Market subscription fees

40. Defendant Schmidt admits the allegations contained in Paragraph 40 of the Complaint.

41. Defendant Schmidt lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 of the Complaint and therefore denies them.

42. Defendant Schmidt admits the allegations contained in Paragraph 42 of the Complaint.

43. Defendant Schmidt admits the allegations contained in Paragraph 43 of the Complaint.

44. Defendant Schmidt lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44 of the Complaint and therefore denies them.

45. Defendant Schmidt lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45 of the Complaint and therefore denies them.

46. Defendant Schmidt lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46 of the Complaint and therefore denies them.

47. Defendant Schmidt lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47 of the Complaint and therefore denies them.

48. Defendant Schmidt admits the allegations contained in Paragraph 48 of the Complaint with the exception of the allegations relating to Atlantean, which he lacks information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

49. Defendant Schmidt lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49 of the Complaint and therefore denies them.

50. Defendant Schmidt admits that on or about July 26, 2019, he caused Sandy Steele to issue 40,000,000 restricted shares to John Scott. With respect to the remaining allegations contained in Paragraph 50 of the Complaint, Defendant Schmidt lacks information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

51. Defendant Schmidt admits that a purpose of his issuance of 40,000,000 restricted shares to himself, posing as John Scott, was to conceal the Initial Sandy Steele Shareholders' ownership. He further admits that OTC Markets reporting standards required Sandy Steele to be listed as a "current" filer on the OTC Markets website and that Sandy Steele chose to comply with the OTC Markets 5% disclosure obligations in order to be listed as "current." With respect to the remaining allegations of Paragraph 51 of the Complaint, Defendant Schmidt lacks information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

52. Defendant Schmidt lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 52 of the Complaint and therefore denies them.

53. Defendant Schmidt admits that between 2016 and 2017, he received approximately $783,000 in wire payments representing trading proceeds generated by an asset manager named Wintercap SA. Defendant Schmidt also admits that he wired approximately $378,000 to a Canadian corporation controlled by Warawa and approximately $50,000 to Roe's personal bank account. With respect to the remaining allegations contained in Paragraph 53 of the Complaint, Defendant Schmidt lacks information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

54. Defendant Schmidt lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 54 of the Complaint and therefore denies them.

55. Defendant Schmidt lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 55 of the Complaint and therefore denies them.

56. Defendant Schmidt lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 56 of the Complaint and therefore denies them.

57. Defendant Schmidt admits the allegations contained in Paragraph 57 of the Complaint.

58. Defendant Schmidt lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 58 of the Complaint and therefore denies them.

59. Defendant Schmidt lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 59 of the Complaint and therefore denies them.

60. Defendant Schmidt lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 60 of the Complaint and therefore denies them.

61. Defendant Schmidt lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 61 of the Complaint and therefore denies them.

62. Defendant Schmidt lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 62 of the Complaint and therefore denies them.

63. Defendant Schmidt lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 63 of the Complaint and therefore denies them.

64. Defendant Schmidt lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 64 of the Complaint and therefore denies them.

65. Defendant Schmidt lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 65 of the Complaint and therefore denies them.

66. Defendant Schmidt lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 66 of the Complaint and therefore denies them.

67. Defendant Schmidt lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 67 of the Complaint and therefore denies them.

68. Defendant Schmidt lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 68 of the Complaint and therefore denies them.

69. Defendant Schmidt lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 69 of the Complaint and therefore denies them.

70. Defendant Schmidt denies the allegations contained in Paragraph 70 of the Complaint as they relate to him and lacks information sufficient to form a belief as to the truth of the allegations as to the others and therefore denies the same.

71. Defendant Schmidt lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 71 of the Complaint and therefore denies them.

72. Defendant Schmidt lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 72 of the Complaint and therefore denies them.

73. Defendant Schmidt lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 73 of the Complaint and therefore denies them.

74. Defendant Schmidt lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 74 of the Complaint and therefore denies them.

75. Defendant Schmidt lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 75 of the Complaint and therefore denies them.

76. Defendant Schmidt lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 76 of the Complaint and therefore denies them.

77. Defendant Schmidt lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 77 of the Complaint and therefore denies them.

78. Defendant Schmidt lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 78 of the Complaint and therefore denies them.

79. Defendant Schmidt lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 79 of the Complaint and therefore denies them.

80. Defendant Schmidt lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 80 of the Complaint and therefore denies them.

81. Defendant Schmidt lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 81 of the Complaint and therefore denies them.

82. Defendant Schmidt lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 82 of the Complaint and therefore denies them.

83. Defendant Schmidt lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 83 of the Complaint and therefore denies them.

84. Defendant Schmidt lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 84 of the Complaint and therefore denies them.

85. Defendant Schmidt lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 85 of the Complaint and therefore denies them.

86. Defendant Schmidt lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 86 of the Complaint and therefore denies them.

87. Defendant Schmidt lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 87 of the Complaint and therefore denies them.

88. Defendant Schmidt lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 88 of the Complaint and therefore denies them.

89. Defendant Schmidt lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 89 of the Complaint and therefore denies them.

90. Defendant Schmidt lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 90 of the Complaint and therefore denies them.

91. Defendant Schmidt lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 91 of the Complaint and therefore denies them.

92. Defendant Schmidt lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 92 of the Complaint and therefore denies them.

93. Defendant Schmidt lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 93 of the Complaint and therefore denies them.

94. Defendant Schmidt lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 94 of the Complaint and therefore denies them.

95. Paragraphs 1 through 94 are repeated and incorporated by reference as if fully set forth herein.

96. Paragraph 96 of the Complaint contains legal conclusions, to which no response is required.

97. Paragraph 97 of the Complaint contains legal conclusions, to which no response is required.

98. Paragraphs 1 through 94 are repeated and incorporated by reference as if fully set forth herein.

99. Paragraph 99 of the Complaint contains legal conclusions, to which no response is required.

100. Paragraph 100 of the Complaint contains legal conclusions, to which no response is required.

101. Paragraphs 1 through 94 are repeated and incorporated by reference as if fully set forth herein.

102. Paragraph 102 of the Complaint contains legal conclusions, to which no response is required.

103. Paragraph 103 of the Complaint contains legal conclusions, to which no response is required.

104. Paragraphs 1 through 94 are repeated and incorporated by reference as if fully set forth herein.

105. Defendant Schmidt lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 105 of the Complaint and therefore denies them.

106. Paragraph 106 of the Complaint contains legal conclusions, to which no response is required.

107. Paragraphs 1 through 94 are repeated and incorporated by reference as if fully set forth herein.

108. Defendant Schmidt lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 108 of the Complaint and therefore denies them.

109. Defendant Schmidt lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 109 of the Complaint and therefore denies them.

110. Defendant Schmidt lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 110 of the Complaint and therefore denies them.

111. Defendant Schmidt lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 111 of the Complaint and therefore denies them.

112. Paragraph 112 of the Complaint contains legal conclusions, to which no response is required.

113. Paragraphs 1 through 94 are repeated and incorporated by reference as if fully set forth herein.

114. Defendant Schmidt lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 114 of the Complaint and therefore denies them.

115. Defendant Schmidt lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 115 of the Complaint and therefore denies them.

116. Defendant Schmidt lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 116 of the Complaint and therefore denies them.

117. Defendant Schmidt lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 117 of the Complaint and therefore denies them.

118. Paragraph 118 of the Complaint contains legal conclusions, to which no response is required.

119. Paragraphs 1 through 94 are repeated and incorporated by reference as if fully set forth herein.

120. Defendant Schmidt lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 120 of the Complaint and therefore denies them.

121. Defendant Schmidt lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 121 of the Complaint and therefore denies them.

122. Paragraph 122 of the Complaint contains legal conclusions, to which no response is required.

Dated: August 10, 2020

Respectfully submitted,

SHANE SCHMIDT

By his attorney,

*/s/ Tracy A. Miner*
Tracy A. Miner (BBO No. 547137)
Miner Orkand Siddall LLP
470 Atlantic Ave, 4th Floor
Boston, MA 02110
Tel.: (617) 273-8421
Fax: (617) 273-8004
tminer@mosllp.com

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was served by ECF on counsel for the Securities and Exchange Commission on August 10, 2020.

*/s/ Tracy A. Miner*
Tracy A. Miner