UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br>                Plaintiff,<br>    v.<br>NELSON GOMES, MICHAEL LUCKHOO-BOUCHE, SHANE SCHMIDT, DOUGLAS ROE, KELLY WARAWA, FFS CAPITAL LIMITED, PAIFANG TRADING LIMITED, ARTEFACTOR LIMTED, ATLANTEAN MANAGEMENT CORPORATION, MEADOW ASIA LIMITED, and THYME INTERNATIONAL LIMITED<br>                Defendants. | Civil Action No. 20-CV-11092-FDS |

**SUPPLEMENTAL DECLARATION OF TREVOR T. DONELAN**

I, Trevor T. Donelan, pursuant to 28 U.S.C. §1746, hereby declare as follows:

1. Since September 2014, I have been employed as an Enforcement Accountant with the U.S. Securities and Exchange Commission ("the Commission") in its Boston Regional Office. My duties include conducting investigations relating to potential violations of the federal securities laws.

2. I received a Bachelor of Science degree in business administration, with a concentration in accounting, from the University of Richmond in Virginia in 2000. Before joining the Commission, I was most recently a managing director in the forensic accounting and complex business litigation unit at StoneTurn Group, LLP ("StoneTurn"), in Boston, where I worked for over seven years. Before joining StoneTurn, I held forensic accounting

1

and auditor positions for a total of approximately seven years with Deloitte Financial Advisory Services LLP, and Arthur Andersen LLP, both in Boston.

3. I am a Certified Public Accountant in the Commonwealth of Massachusetts, and a Certified Fraud Examiner by the Association of Certified Fraud Examiners. I am also Certified in Financial Forensics by the American Institute of Certified Public Accountants.

4. I make this Declaration based upon my personal knowledge and upon information and belief as set forth below, and in support of the Commission's Motion for Default Judgments Against Defendants FFS Capital Limited ("FFS Capital"), Paifang Trading Limited ("Paifang"), Artefactor Limited ("Artefactor"), Meadow Asia Limited ("Meadow") and Thyme International Limited ("Thyme" and collectively, the "Defaulting Defendants").

5. I previously submitted a declaration in this case in support of the Commission's Motion for a Temporary Restraining Order, Order Freezing Assets, and Order for Other Equitable Relief (Dkt. No. 5).

6. In or about November 2018, I became actively involved in the Commission's investigation into possible violations of the federal securities laws by the defendants in this case ("Defendants").

7. In the course of that investigation, I reviewed documents and data produced to the Commission and attended witness interviews. The purpose of this declaration is to relay certain information that the Commission has gathered about the Defaulting Defendants through my review and analysis of certain documents.

8. The principal sources of documentation produced to the Commission that I have relied upon for this declaration include, but are not limited to: brokerage records for

certain of the Defendants' accounts held at domestic and foreign broker-dealers, banking records for certain of the Defendants' accounts and documents produced by various third parties.

**Net Proceeds for the Defaulting Defendants**

9. I have been asked by counsel for the Commission to calculate, based on the information presently available to the Commission, the net proceeds that each of the Defaulting Defendants received as a result of the illegal trading described in the Complaint and did not transfer to known third parties.

10. FFS Capital maintained several brokerage accounts through which it conducted a portion of the trades described in the Complaint. I calculated FFS Capital's net proceeds from the trading described in the Complaint as the amount of cash that came into FFS Capital's bank accounts from those trades and: (1) remains in those accounts, or (2) was transferred into another account in FFS Capital's name. FFS Capital transferred a total of $8,066,380 in proceeds of the trades described in the Complaint from its brokerage account to other accounts in its own name in calendar years 2019 and 2020 as follows:

|  | **2019** | **2020** |
|---|---:|---:|
| Transfers to FFS Capital Circle Internet Financial account | $2,624,050 | $840,050 |
| Transfers to FFS Capital HSBC account | $1,130,000 | $1,310,000 |
| Transfers to FFS Capital Bank of China (HK) Ltd. account | $1,996,000 |  |
| Remaining Balance inFFS Capital account at Prime Trust LLC |  | $141,435 |
| Remaining Balance in FFS Capital's account at Standard Chartered |  | $24,845 |
| **Total** | **$5,750,050** | **$2,316,330** |

11. Paifang also maintained at least one brokerage account through which it conducted a portion of the trades described in paragraph 34 of the Complaint, in particular, trades in Sandy Steele and Rivex Technology Corp. I calculated Paifang's net proceeds from the trading described in the Complaint as the sum of its proceeds from trades in those two securities. Paifang's net proceeds in calendar years 2019 and 2020 total $1,141,637 as follows:

|  | 2019 | 2020 |
| --- | --- | --- |
| Proceeds from Rivex and Sandy Steele trades | $346,297 | $795,339 |

12. Artefactor maintained one brokerage account through which it directed some of the Sandy Steele trades described in paragraph 61 of the Complaint. Artefactor's net profits from its sales of Sandy Steele stock in calendar years 2019 and 2020 total $1,211,120 as follows:

|  | 2019 | 2020 |
| --- | --- | --- |
| Proceeds to Artefactor from Sandy Steele trades | $1,203,425 | $7,695 |

13. As described in paragraphs 48, 65 and 66 of the Complaint, Meadow was the owner of approximately half of the shares of Sandy Steele that defendants FFS Capital Limited ("FFS Capital") and Paifang Trading Limited ("Paifang") sold into the market during March and April 2020 during a promotional campaign. Together, the proceeds from FFS Capital's and Paifang's sales of Sandy Steele during those two months were $80,380. Diving those proceeds evenly between Meadow and Thyme means that Meadow's net proceeds from its sales of Sandy Steele stocks in March-April 2020 total $40,190. In

addition, Meadow received profits from the trading in WOD Retail that is described in paragraphs 85-91 of the Complaint. Meadow's net proceeds from the trading described in the Complaint in calendar years 2019 and 2020 total $238,429 as follows:

|  | 2019 | 2020 |
|---|---|---|
| Proceeds to Meadow from WOD Retail trades |  | $196,219 |
| Proceeds of Meadow's Sandy Steele shares |  | $40,190 |
| **Total** |  | **$236,409** |

14. As described in paragraphs 48, 65 and 66 of the Complaint, Thyme was the owner of approximately half of the shares of Sandy Steele that were transferred to FFS Capital and Paifang and sold into the market during March and April 2020 during a promotional campaign. Together, the proceeds from FFS Capital's and Paifang's sales of Sandy Steele during those two months were $80,380. Diving those proceeds evenly between Meadow and Thyme means that Thyme's net proceeds from its sales of Sandy Steele stocks in March-April 2020 total $40,190.

**Prejudgment Interest**

15. I have calculated the prejudgment interest on the amounts of disgorgement sought from each of the Defaulting Defendants. The prejudgment interest on each Defaulting Defendant's net proceeds for each year was calculated separately, assuming (favorably to the Defaulting Defendants) that all of the funds were received on the last day of the year in which they were earned. The ending date for the prejudgment interest calculation was May 31, 2020 (the last day of the month before the Commission sought and obtained the asset freeze in this case). Applying these rules to the disgorgement amounts for Meadow and Thyme result in there being no prejudgment interest because these entities

received their proceeds in the same calendar quarter in which the prejudgment interest calculation would end. The prejudgment interest calculations for each of the Defaulting Defendants are attached hereto as **Exhibit A** and are summarized in the tables below.

|  | **FFS Capital Limited** | | | |
|---|---|---|---|---|
|  | **2018** | **2019** | **2020** | **Total** |
| Net Proceeds | $ - | $ 5,750,050 | $ 2,316,330 | $ 8,066,380 |
| Prejudgement Interest | $ - | $ 119,996 | $ - | $ 119,996 |
| **Disgorgement + PJI** | **$ -** | **$ 5,870,046** | **$ 2,316,330** | **$ 8,186,376** |

|  | **Paifang Trading Limited** | | | |
|---|---|---|---|---|
|  | **2018** | **2019** | **2020** | **Total** |
| Net Proceeds | $ - | $ 346,297 | $ 795,339 | $ 1,141,637 |
| Prejudgement Interest | $ - | $ 7,227 | $ - | $ 7,227 |
| **Disgorgement + PJI** | **$ -** | **$ 353,524** | **$ 795,339** | **$ 1,148,864** |

|  | **Artefactor Limited** | | | |
|---|---|---|---|---|
|  | **2018** | **2019** | **2020** | **Total** |
| Net Proceeds | $ - | $ 1,203,425 | $ 7,695 | $ 1,211,120 |
| Prejudgement Interest | $ - | $ 25,114 | $ - | $ 25,114 |
| **Disgorgement + PJI** | **$ -** | **$ 1,228,539** | **$ 7,695** | **$ 1,236,234** |

|  | **Meadow Asia Limited** | | | |
|---|---|---|---|---|
|  | **2018** | **2019** | **2020** | **Total** |
| Net Proceeds | $ - | $ - | $ 236,409 | $ 236,409 |
| Prejudgement Interest | $ - | $ - | $ - | $ - |
| **Disgorgement + PJI** | **$ -** | **$ -** | **$ 236,409** | **$ 236,409** |

|  | **Thyme International Limited** | | | |
|---|---|---|---|---|
|  | **2018** | **2019** | **2020** | **Total** |
| Net Proceeds | $ - | $ - | $ 40,190 | $ 40,190 |
| Prejudgement Interest | $ - | $ - | $ - | $ - |
| **Disgorgement + PJI** | **$ -** | **$ -** | **$ 40,190** | **$ 40,190** |

16. The tool that I used to perform these calculations applies the interest rate used by the Internal Revenue Service for unpaid balances which changes quarterly, and for the relevant period herein was 5% annually.

17. Adding the net proceeds I calculated for each of the Defaulting Defendants to the prejudgment interest I calculated, yields the following sums:

|  | Net Proceeds | Prejudgment Interest | Total |
| --- | --- | --- | --- |
| FFS Capital Limited | $ 8,066,380 | $ 119,996 | $ 8,186,376 |
| Paifang Trading Limited | $ 1,141,637 | $ 7,227 | $ 1,148,864 |
| Artefactor Limited | $ 1,211,120 | $ 25,114 | $ 1,236,234 |
| Meadow Asia Limited | $ 236,409 | $ - | $ 236,409 |
| Thyme International Limited | $ 40,190 | $ - | $ 40,190 |

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 11, 2020, in Boston, Massachusetts.

Trevor T. Donelan